Matthew J. Preusch (Bar No. 298144)
KELLER ROHRBACK L.L.P.
1129 State Street, Suite 8
Santa Barbara, CA 93101
(805) 456-1496, Fax (805) 456-1497
mpreusch@kellerrohrback.com

***Attorney for Plaintiffs***
***(Additional Counsel on Signature Page)***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL MCCABE, MADELYNE
MCCABE, PETER ARMON, REGINA
ARMON, SCOTT WETZEL, KRISTIN
GREEN, & CHRISTOPHER WOODS,
individually and on behalf of all others
similarly situated,

                       Plaintiffs,

    v.

VOLKSWAGEN GROUP OF AMERICA,
INC.,

                       Defendant.

No.

**COMPLAINT
CLASS ACTION**

**DEMAND FOR JURY TRIAL**

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................1

II.     NATURE OF THE ACTION.................................................................1

III.    PARTIES ...............................................................................................3

IV.     ANY OTHERWISE-APPLICABLE STATUTES OF LIMITATION
        ARE TOLLED........................................................................................4

        A.      Discovery Rule Tolling ..............................................................4

        B.      Tolling Due To Fraudulent Concealment ..........................5

        C.      Estoppel ......................................................................................6

V.      JURISDICTION AND VENUE .............................................................6

VI.     FACTS ...................................................................................................7

        A.      Defendant Touts their Diesel Vehicles as Being Fuel Efficient
                and Good for the Environment ..............................................7

        B.      Volkswagen Intentionally Hid the Excessive and Illegal Levels
                of Pollution Emitted from its Cars........................................10

        C.      Defendant Has Profited Handsomely From Their Diesel
                Vehicles. ...................................................................................13

        D.      Volkswagen's Illegal Actions Have Caused Class Members
                Significant Harm.......................................................................14

VII.    PLAINTIFFS' FACTS.........................................................................16

        A.      Plaintiffs Michael and Madelyne McCabe .....................16

        B.      Plaintiffs Peter and Regina Armon...................................17

        C.      Plaintiff Scott Wetzel ............................................................19

        D.      Plaintiff Kristin Green............................................................21

        E.      Plaintiff Christopher Woods ...............................................21

VIII.   CLASS ACTION ALLEGATIONS .....................................................23

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

CLASS ACTION
COMPLAINT                                    i

1.   Numerosity: Federal Rule of Civil Procedure 23(a)(1). ..........24

2.   Commonality and Predominance: Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3)...........................................24

3.   Typicality: Federal Rule of Civil Procedure 23(a)(3). ...........25

4.   Adequacy: Federal Rule of Civil Procedure 23(a)(4). ...........25

5.   Declaratory and Injunctive Relief: Federal Rule of Civil Procedure 23(b)(2)...........................................................26

6.   Superiority: Federal Rule of Civil Procedure 23(b)(3). ..........26

IX.   CAUSES OF ACTION .................................................................27

A.   Claims Asserted on Behalf of the Class ...........................27

COUNT I ..............................................................................................27

COUNT II ............................................................................................33

COUNT III ...........................................................................................34

B.   State-Specific Claims .......................................................41

COUNT VIII .........................................................................................41

COUNT IX ............................................................................................44

COUNT X .............................................................................................46

COUNT XI ............................................................................................47

COUNT XII ..........................................................................................53

COUNT XIII .........................................................................................56

COUNT XIV .........................................................................................59

X.   REQUEST FOR RELIEF ...........................................................60

XI.   DEMAND FOR JURY TRIAL...................................................61

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

CLASS ACTION
COMPLAINT                                 ii

# I.    INTRODUCTION

Plaintiffs Michael and Madelyne McCabe, Peter and Regina Armon, Scott Wetzel, Kristin Green, and Christopher Woods ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following against Volkswagen Group of America, Inc. ("Defendant" or "Volkswagen"), based where applicable on personal knowledge, information and belief, and the investigation of counsel. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

# II.    NATURE OF THE ACTION

1.    This action is not about corporate negligence; rather, it is about a global auto manufacturer's intentional deception of well-meaning, conscientious consumers and regulators, and its misguided plan to profit by gaming the system rather than playing by the rules.

2.    This nationwide class action concerns the intentional installation of so-called defeat devices on over 482,000 diesel Volkswagen and Audi vehicles sold in the United States since 2009 ("Defeat Device Vehicles"). Defendant marketed those vehicles as environmentally-friendly cars that possessed the holy grail of automotive qualities: extremely high fuel efficiency and performance, with very low emissions. Although Defendant successfully marketed these expensive cars as "green", their environmentally-friendly representations were a sham. Defendant did not actually make cars with those desirable and advertised attributes.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

CLASS ACTION
COMPLAINT

1

3.     According to the U.S. Environmental Protection Agency (EPA), Volkswagen installed its "defeat device" in at least the following diesel models of its vehicles: Model Year ("MY") 2009-2015 VW Jetta; MY 2009-2015 VW Beetle; MY 2009-2015 VW Golf; MY 2014-2015 VW Passat; and MY 2009-2015 Audi A3. The California Air Resources Board is currently investigating whether the Defendant installed the device in other cars as well, so additional vehicle models and model years may be added to this list when new facts are discovered.

4.     Instead of delivering on their promise of extremely high fuel mileage coupled with low emissions, Defendant devised a way to make it *appear* that their cars did what they said they would when, in fact, they did not. Put simply, Defendant lied.

5.     The defeat devices Defendant designed and installed work by switching on the full emissions control systems in Defendant's cars *only* when the car is undergoing periodic emissions testing. The technology needed to control emissions from Defendant's cars to meet state and federal emissions regulations reduces their performance, limiting acceleration, torque, and fuel efficiency.

6.     To hide this, the defeat device simply shuts off most of the emissions control systems in the car once the car has completed its emissions test. While that might have made the car more fun to drive, it resulted in Defendant's cars sending up to 40 times as much pollution into the environment as is allowed under the Clean Air Act and state regulations.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

7.      Those violations are explained in a Notice of Violation the EPA issued to Defendant, as well as a letter from the California Air Resources Board ("CARB"), copies of which are attached to this Class Action Complaint as Exhibits A and B, respectively.

## III.    PARTIES

8.      Plaintiffs Michael and Madelyne McCabe are residents and citizens of Riverside County, California.

9.      Plaintiffs Peter and Regina Armon are residents and citizens of New Haven County, Connecticut.

10.     Plaintiff Scott Wetzel is a resident and citizen of King County, Washington.

11.     Plaintiff Kristin Green is a resident and citizen of King County, Washington.

12.     Plaintiff Christopher Woods is resident and citizen of Hartford County, Connecticut.

13.     Volkswagen Group of America, Inc. ("Volkswagen") is a corporation doing business in every U.S. state and the District of Columbia, and is organized under the laws of New Jersey, with its principal place of business at 2200 Ferdinand Porsche Dr., Herndon, Virginia 20171. Volkswagen is therefore a citizen of New Jersey and Virginia. *See* 28 U.S.C. § 1332(d)(10).

14.     At all relevant times, Volkswagen manufactured, distributed, sold, leased, and warranted the Defeat Device Vehicles under the Volkswagen and Audi brand names throughout the nation. Volkswagen and/or its agents designed the CleanDiesel engines

CLASS ACTION                                3
COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

and engine control systems in the Defeat Device Vehicles, including the "defeat device."

Volkswagen also developed and disseminated the owners' manuals and warranty

booklets, advertisements, and other promotional materials relating to the Defeat Device

Vehicles.

## IV.    ANY OTHERWISE-APPLICABLE STATUTES OF LIMITATION ARE TOLLED

### A.    Discovery Rule Tolling

15.    The tolling doctrine was made for cases of concealment like this one. For the

following reasons, any otherwise-applicable statutes of limitation have been tolled by the

discovery rule with respect to all claims.

16.    Through the exercise of reasonable diligence, and within any applicable

statutes of limitation, Plaintiffs and members of the proposed Class could not have

discovered that Volkswagen was concealing and misrepresenting the true emissions

levels of its vehicles, including but not limited to its use of defeat devices.

17.    As reported in the *New York Times* on September 19, 2015, the International

Council on Clean Transportation, a research group, first noticed the difference between

Volkswagen's emissions in testing laboratories and in normal use on the road. The

International Council on Clean Transportation brought the defeat device issue to the

attention of the EPA. The EPA, in turn, conducted further tests on the vehicles, and

ultimately uncovered the unlawful use of the defeat device software. Thus, Volkswagen's

deception with respect to its CleanDiesel engines, engine control systems, and "defeat devices" was painstakingly concealed from consumers and regulators alike.

18.    Plaintiffs and the other Class members could not reasonably discover, and did not know of facts that would have caused a reasonable person to suspect, that Volkswagen intentionally failed to report information within its knowledge to federal and state authorities, its dealerships, or consumers.

19.    Likewise, a reasonable and diligent investigation could not have disclosed that Volkswagen had information in its sole possession about the existence of its sophisticated emissions deception and that it concealed that information, which was discovered by Plaintiffs immediately before this action was filed. Plaintiffs and other Class members could not have previously learned that Volkswagen valued profits over compliance with applicable federal and state emissions and consumer law.

**B.    Tolling Due To Fraudulent Concealment**

20.    Throughout the relevant time period, all applicable statutes of limitation have been tolled by Volkswagen's knowing and active fraudulent concealment and denial of the facts alleged in this Complaint.

21.    Instead of disclosing its emissions deception, or that the emissions from the Defeat Device Vehicles were far worse than represented, Volkswagen falsely represented that its vehicles complied with federal and state emissions standards, and that it was a reputable manufacturer whose representations could be trusted.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

## C. Estoppel

22. Volkswagen was under a continuous duty to disclose to Plaintiffs and the other Class members the facts that it knew about the emissions from Defeat Device Vehicles, and of those vehicles' failure to comply with federal and state laws.

23. Although it had the duty throughout the relevant period to disclose to Plaintiffs and Class members that it had engaged in the deception described in this Complaint, Volkswagen chose to evade federal and state emissions and clean air standards with respect to the Defeat Device Vehicles, and it intentionally misrepresented its blatant and deceptive lack of compliance with state law regulating vehicle emissions and clean air.

24. Thus, Volkswagen is estopped from relying on any statutes of limitations in defense of this action.

## V. JURISDICTION AND VENUE

25. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

26. This Court has personal jurisdiction over Defendant because it conducts business in California, and has sufficient minimum contacts with California. For

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

CLASS ACTION
COMPLAINT

6

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

example, Defendant operates the Volkswagen Electronic Research Laboratory in Belmont, California.

27.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred and/or emanated from this District, and because Defendant has caused harm to Class members residing in this District.

## VI.    FACTS

28.     Defendant intentionally designed and sold cars that misled consumers and regulators about the amount of pollution those cars created and the fuel efficiency they produced. Despite touting themselves as an environmentally conscientious company that produced thoughtful cars for people who cared about the environment, Defendant sold expensive cars that produced pollution at orders of a magnitude above federal and state regulations, and then intentionally and knowingly hid the truth about those cars.

**A.    Defendant Touts their Diesel Vehicles as Being Fuel Efficient and Good for the Environment**

29.     For years, Volkswagen has advertised its diesel vehicles as low-emission, fuel-efficient cars. Indeed, this marketing message is at the core of its image in the United States. It has been a successful advertising campaign; Volkswagen has become the largest seller of diesel passenger vehicles in the United States.

CLASS ACTION
COMPLAINT                                    7



30.     Defendant's success is based in large part on promoting their diesel cars as "clean" and "green" vehicles. Indeed, being both highly efficient and "clean" are the centerpieces of Defendant's diesel engine marketing campaign. "CleanDiesel" is in the very name of the vehicles about which Defendant lied.

31.     Defendant's apparent concern for the environment is evident beyond just the model names and purported attributes of their vehicles. For example, on the "Environment" page of its website, Volkswagen Group of America states that it takes "environmental responsibility very seriously. When it comes to making our cars as green as possible, Volkswagen has an integrated strategy focused on reducing fuel consumption

and emissions, building the world's cleanest diesel engines and developing totally new power systems, which utilize new fuel alternatives."

32.    Defendant bolsters its apparent environmental bone fides by trumpeting the fact that the Audi A3 TDI and VW Jetta TDI were named the 2010 Green Car of the Year and the 2009 Green Car of the Year, respectively.

33.    Defendant also launched a "Think Blue" program, which they explained is part of their policy of being "more responsible on the road and more environmentally conscious—not just in our cars."

34.    Beyond merely advertising, Defendant supported and directed a website to promote its "clean" diesel technology, www.clearlybetterdiesel.org, which says the technology reduces smog and "meets the highest standards in all 50 states, thanks to ultra-low sulfur diesel (ULSD) fuel and innovative engine technology that burns cleaner."

35.    Defendant goes for far as to use the tagline "Truth in Engineering" to promote its Audi brand:



KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

36.     Unfortunately for consumers who bought Defendant's cars and for people who breathe the air into which Defendant's cars emit extraordinary amounts of pollutants, Defendants engineering was far from "truthful." Defendant has designed and sold cars that emit pollutants at breath-taking levels, failing state and federal environmental regulations by incredible margins.

**B.     Volkswagen Intentionally Hid the Excessive and Illegal Levels of Pollution Emitted from its Cars.**

37.     Contrary to Volkswagen's self-promotion as a "green" company, its diesel cars are unhealthy and unlawful.

38.     On September 18, 2015, the EPA issued a Notice of Violation ("NOV"). The NOV explains that Defendant has installed sophisticated software in the Volkswagen and Audi diesel vehicles sold by Defendant in the United States that detects when the vehicle is undergoing official emissions testing and turns full emissions controls on only during the test. At all other times that the vehicle is running, however, the emissions controls are deactivated, meaning that pollution is freely released into the environment at levels that exceed those allowed by federal and state clean air regulators. This software produced and used by Volkswagen is a "defeat device" as defined by the Clean Air Act.

39.     Most modern engines, including Volkswagen's "CleanDiesel" engines, use computerized engine control systems to monitor sensors throughout a car's engine and exhaust systems and control operation of the car's systems to ensure optimal performance and efficiency. These functions can include controlling fuel injection, valve and ignition

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

timing, and, as in Volkswagen's "CleanDiesel" engines, operating the engine's turbocharger. The engine control computer can, for example, ensure that the air-to-fuel mixture is correct based on sensor readings such as throttle position, amount of air flowing into the engine, and engine temperature.

40.     These engine control computers also receive data from sensors in the car's exhaust system that measure the amounts of chemical substances included in the car's exhaust. That data provides a measure of the engine's operation and efficiency, and is thus used by the engine control computer in operating the car's systems to ensure the desired performance and efficiency.

41.     Because modern cars include these sophisticated computers and sensors throughout the car's systems, emissions testing sometimes uses a car's existing sensors to measure the presence of pollutants and track compliance with EPA and state emissions standards. Emissions testing stations plug a diagnostic device into the car's on-board diagnostics ("OBD II") port and use the car's exhaust sensors during the testing procedure to measure the substances emitted. Some states, instead of or in addition to an OBD II diagnostic device, use a measurement probe inserted into the car's exhaust pipe to measure the chemicals emitted.

42.     Volkswagen programmed the engine control computers in the Defeat Device Vehicles with software that detects when the cars are undergoing emissions testing, and then operates the car's engine and exhaust systems to ensure that emissions comply with

CLASS ACTION
COMPLAINT                                    11

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

EPA pollutant standards. When the car is not being emissions tested—that is, under the vast majority of operating conditions—the engine control systems operate the vehicle in a manner that does not comply with EPA emissions requirements.

43.    In short, this software allows Defendant's diesel vehicles to meet emissions standards in labs or state testing stations, while permitting the vehicles to emit nitrogen oxides (NOx) at *up to 40 times the standard* allowed under United States laws and regulations during the normal operation of the vehicles.

44.    NOx pollution contributes to nitrogen dioxide, ground-level ozone, and fine particulate matter. Exposure to these pollutants has been linked with serious health dangers, including asthma attacks and other respiratory illness serious enough to send people to the hospital. Ozone and particulate matter exposure have been associated with premature death due to respiratory-related or cardiovascular-related effects. Children, the elderly, and people with pre-existing respiratory illness are at an acute risk of health effects from these pollutants.

45.    The Clean Air Act has strict emissions standards for vehicles and it requires vehicle manufacturers to certify to the EPA that the vehicles sold in the United States meet applicable federal emissions standards to control air pollution. Every vehicle sold in the United States must be covered by an EPA-issued certificate of conformity. Under federal law, cars equipped with defeat devices, which reduce the effectiveness of emissions control systems during normal driving conditions, cannot be certified. By

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

manufacturing and selling cars with defeat devices that allowed for higher levels of emissions than were certified to the EPA, Volkswagen violated the Clean Air Act, defrauded its customers, and engaged in unfair competition under state and federal laws.

## C. Defendant Has Profited Handsomely From Their Diesel Vehicles.

46. Defendant charges substantial premiums for the Defeat Device Vehicles. For example, for the 2015 Volkswagen Jetta, the base S model with a gasoline engine has a starting MSRP of $18,780. The base TDI S CleanDiesel, however, has a starting MSRP of $21,640, a price premium of $2,860. The CleanDiesel premium for the highest trim Jetta models with a comparable gasoline engine is substantially higher: The Jetta SE has a starting MSRP of $20,095, while the CleanDiesel TDI SEL MSRP is $26,410, a 31% premium.

47. These premiums occur across all of the vehicles in which Defendant installed its "defeat device" for emissions testing. The table below sets forth the price premium for each comparable base, mid-level, and top-line trim for each affected model:

### CleanDiesel Price Premiums

| Model | Base | Mid-level | Top-line |
|---|---|---|---|
| VW Jetta | $2,860 | $4,300 | $6,315 |
| VW Beetle | $4,635 | n/a | $2,640 |
| VW Golf | $2,950 | $1,000 | $1,000 |
| VW Passat | $5,755 | $4,750 | $6,855 |
| Audi A3 | $2,805 | $3,095 | $2,925 |

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

**D.     Volkswagen's Illegal Actions Have Caused Class Members Significant Harm.**

48.     Although the EPA has ordered Defendant to recall the Defeat Device Vehicles and repair them so that they comply with EPA emissions requirements at all times during normal operation, purchasers of the Defeat Device Vehicles have and will continue to suffer significant harm. First, Volkswagen will not be able to make the Defeat Device Vehicles comply with emissions standards without substantially degrading their performance characteristics, including their horsepower and their efficiency. As a result, even if Volkswagen is able to make Class members' Defeat Device Vehicles EPA compliant, Class members will nonetheless suffer actual harm and damages because their vehicles will no longer perform as they did when purchased and as advertised.

49.     Second, this will necessarily result in a diminution in value of every Defeat Device Vehicle. Not only did Class members pay too much for cars now worth substantially less, but they will end up paying more to fuel their less efficient cars over the years they own their vehicles.

50.     As a result of Volkswagen's unfair, deceptive, and/or fraudulent business practices, and its failure to disclose that under normal operating conditions the Defeat Device Vehicles emit 40 times the allowed levels, owners and/or lessees of the Defeat Device Vehicles have suffered losses in money and/or property.

51.     Had Plaintiffs and Class members known of the "defeat device" at the time they purchased or leased their Defeat Device Vehicles, they would not have purchased or

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

leased those vehicles, or would have paid substantially less for the vehicles than they did. Moreover, when and if Volkswagen recalls the Defeat Device Vehicles and degrades the CleanDiesel engine performance in order to make the Defeat Device Vehicles compliant with EPA standards, Plaintiffs and Class members will be required to spend more on fuel and will not benefit from the performance qualities of their vehicles as advertised. Moreover, Defeat Device Vehicles will necessarily be worth less in the used marketplace because of their decrease in performance and efficiency, which means that owners of Defeat Device Vehicles will not be able to recoup nearly as much value in the future.

52.     Volkswagen's deliberate strategy to value profit over the truth, human health, and the environment, has caused serious harm to consumers nationwide.

53.     According to media sources, Defendant's CEO, Martin Winterkorn, said in a statement that he was "deeply sorry that we have broken the trust of our customers and the public," and that Defendant would be suspending sales of some 2015 and 2016 vehicles with 2.0 liter diesel engines. While Defendant's candor about its breach of trust is notable, it cannot compensate Plaintiffs and Class members for the damages they have incurred.

# VII.   PLAINTIFFS' FACTS

**A.**   **Plaintiffs Michael and Madelyne McCabe**

54.   Michael and Madelyne McCabe, both retirees and citizens of Beaumont, California, purchased a 2015 Volkswagen Golf TDI Sportwagen in Irvine, California on June 18, 2015, spending over $28,000.

55.   The couple became interested in buying the diesel Sportwagen after reading that it was Motor Trend's "Car of the Year." The article they read described the vehicle's high mileage and "clean" diesel engine, both factors that were important to them. To research the Sportwagen further, they also visited Defendant's website and read about the "clean" diesel engine in the Sportwagen. The McCabes relied on Defendant's statement that the Sportwagen was a clean, low-emission vehicle, a key factor in their decision to purchase the car.

56.   The McCabes would not have paid as much for the Sportwagen, or likely would not have purchased it at all, if they had known that the emissions were much higher than advertised. Now that they own the car, the couple—which is on a fixed income—is worried the car's resale value will drop. They are also worried that any repairs done to their vehicle as part of a recall could diminish its performance, affecting the resale value.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

**B.     Plaintiffs Peter and Regina Armon**

57.     Peter and Regina Armon purchased a 2015 diesel Volkswagen Golf Sportwagen TDI SEL on or about May 3, 2015 from a dealership named Mitchell Volkswagen LLC in Canton, Connecticut.

58.     Prior to their purchase, the Armons had both seen television commercials touting the "clean diesel" attributes of the diesel Volkswagens, so they were under the impression that it was far better for the environment to drive a diesel than the gasoline model.

59.     At the time of purchase, the Armons were told that the diesel model was more fuel efficient and would be more cost effective than the gasoline model for the considerable amount that Mr. Armon drives.

60.     As reflected on the sticker below, which was on the drivers' window of the car they purchased, they were advised to expect a $3,000 savings in fuel costs over the next five years, and to expect an average of 35 MPG fuel efficiency from the vehicle (31 City, 42 Highway):

CLASS ACTION
COMPLAINT                                        17



61. Because environmental and human health is important to the Armons, they paid the approximately $3,000 difference between the MSRP of the gas and diesel models for their TDI.

62. In fact, on the exterior sticker of the car they purchased, the top feature listed was a "CLEAN DIESEL" engine:

**PERFORMANCE, EXTERIOR & INTERIOR**
- 2.0L TDI® CLEAN DIESEL 4-CYLINDER ENGINE

63. Just as they traded in their prior vehicle at the time they purchased their Golf, the Armons were planning to trade in their Golf, and are concerned about the reduced value of their recent purchase now that it has been determined to be a Defeat Device Vehicle.

64.     The Armons would never have purchased their Golf if they had known its true qualities and that it was fitted with a defeat device.

**C.      Plaintiff Scott Wetzel**

65.     Plaintiff Scott Wetzel, a citizen of Seattle, Washington, purchased a 2015 Volkswagen Golf TDI Sportwagen SE in Seattle in 2015, spending over $29,000.

66.     Mr. Wetzel became interested in buying the diesel Sportwagen when he decided it was time to replace his 16-year old Acura. Mr. Wetzel had enjoyed the experience of driving diesel cars in Europe, and learned that Volkswagen was now offering high-performance, fuel efficient "clean diesel" cars for sale in the United States.

67.     He researched Volkswagens, and discovered that the 2015 Motor Trend "Car of the Year" was awarded to the VW Golf line of cars, including the Golf turbo diesel model. He decided to test drive a Golf TDI station wagon, and looked at models at two different Seattle dealerships.

68.     At one of those dealerships, he picked up the Golf marketing materials and spoke with sales representatives who assured him of the vehicles' fuel efficiency and strong performance. Here is an example of the marketing materials he reviewed, which promoted the "Clean Diesel" technology as providing "long range without sacrifice":

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

69.     He read those marketing materials, looked at online reviews, and decided to purchase the car the next day: July 9, 2015.

70.     Among the most important factors for Mr. Wetzel's decision to purchase the Golf was the fact that it was advertised as environmentally "clean," unlike diesel cars of the past.

71.     Given the importance of the car's "clean" reputation, Mr. Wetzel was disappointed to learn that Volkswagen installed a "defeat device" that artificially inflates the automobile's mileage while dramatically increasing its pollution.

72.     He estimates he paid around $3,000 more for the "clean" diesel than he would have paid for the similar gas model. Had he known that the vehicle included the defeat device, he would have paid less, and would probably not have purchased the VW Golf TDI at all.

73.     Mr. Wetzel is, understandably, disappointed that he bought a car that Defendant represented to him pollutes far less than it actually does. He believes the recall

CLASS ACTION COMPLAINT
20

will lead to decreased performance, decreased mileage, and increased fuel costs over the life of his car. It will also cause a diminution of the resale value of his vehicle.

**D.    Plaintiff Kristin Green**

74.    Plaintiff Kristin Green, a citizen of Seattle, purchased a 2011 Jetta Sportwagen TDI at a Volkswagen dealership in that city in October 2010.

75.    She recalls paying roughly $25,000 for the Sportwagen. She estimates she paid a roughly $5,000 premium for the TDI (diesel) version over the equivalent gasoline version. She paid that premium because she reasonably believed, based on Defendant's representations, that the diesel version was the better option for the environment.

76.    For example, she reviewed the fuel efficiency information on the window decal included on her new car. Before buying the car, she also researched the efficiency of modern diesel engines in particular and learned that newer diesel engines, such as the CleanDiesel engines in Defendant's cars, were far less polluting.

77.    Plaintiff Green would not have paid such a high a premium for a diesel Volkswagen had she known the true emissions from that vehicle.

**E.    Plaintiff Christopher Woods**

78.    Plaintiff Christopher Woods, a citizen of Manchester, Connecticut, has been loyal VW owner for almost 30 years.

79.    Mr. Woods currently owns a 2009 diesel Jetta TDI, which he purchased in Connecticut in February 2009.

CLASS ACTION
COMPLAINT

21

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

80.     The reason Mr. Woods purchased what he believed to be a clean diesel car was to promote environmental health, and to have a more fuel-efficient vehicle. He has owned numerous Volkswagen cars over the years, including a 1978 Rabbit Diesel, a 1988 Golf GT, a 2002 Jetta TDI , a 2004 Jetta TDI, and his current 2009 Jetta TDI.

81.     Over the years he had come to trust Volkswagen as one of the best car companies, so he was dismayed to learn that he owned a Defeat Device Vehicle.

82.     Mr. Woods recalls that between 2006 and 2008, Volkswagen was working on a clean diesel model which would be marketed as a highly efficient car with significant reductions in emissions. He recalls how proud the salesmen were with the newest engine systems that Volkswagen had produced.

83.     Finally, after watching the "Clean Diesel" VW car races, he decided to trade in his 2004 Jetta Diesel for his 2009 Jetta TDI, paying a premium for the diesel version of the Jetta.

84.     Mr. Woods would not have paid a premium for his TDI if he had known the truth about its fuel efficiency and emissions, and he would not have purchased his TDI if he knew it included an unlawful defeat device. He feels that Volkswagen has lied to him.

85.     Mr. Woods intends to resell his car in the future, and he is very concerned about its resale value going forward.

# VIII. CLASS ACTION ALLEGATIONS

86.     Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class:

> All persons or entities in the United States who are current or former owners and/or lessees of a "Defeat Device Vehicle." Defeat Device Vehicles include, without limitation: Model Year ("MY") 2009-2015 VW Jetta; MY 2009-2015 VW Beetle; MY 2009-2015 VW Golf; MY 2014-2015 VW Passat; and MY 2009-2015 Audi A3.

87.     Excluded from the Class are individuals who have personal injury claims resulting from the "defeat device" in the CleanDiesel system. Also excluded from the Class are Volkswagen and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and his/her immediate family. Plaintiffs reserve the right to revise the Class definition based upon information learned through discovery.

88.     Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

89.     This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

### 1.     Numerosity: Federal Rule of Civil Procedure 23(a)(1).

90.     The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. While Plaintiffs are informed and believe that there are not less than hundreds of thousands of members of the Class, the precise number of Class members is unknown to Plaintiffs, but may be ascertained from Volkswagen's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

### 2.     Commonality and Predominance: Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).

91.     This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

(a)     Whether Volkswagen engaged in the conduct alleged herein;

(b)     Whether Volkswagen designed, advertised, marketed, distributed, leased, sold, or otherwise placed Defeat Device Vehicles into the stream of commerce in the United States;

(c)     Whether the CleanDiesel engine system in the Defeat Device Vehicles contains a defect in that it does not comply with EPA requirements;

(d)     Whether the CleanDiesel engine systems in Defeat Device Vehicles can be made to comply with EPA standards without substantially degrading the performance and/or efficiency of the Defeat Device Vehicles;

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

(e)      Whether Volkswagen knew about the "defeat device" and, if so, how long Volkswagen has known;

(f)      Whether Volkswagen designed, manufactured, marketed, and distributed Defeat Device Vehicles with a "defeat device";

(g)      Whether Volkswagen's conduct violates consumer protection statutes, warranty laws, and other laws as asserted herein;

(h)      Whether Plaintiffs and the other Class members overpaid for their Defeat Device Vehicles;

(i)      Whether Plaintiffs and the other Class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief; and

(j)      Whether Plaintiffs and the other Class members are entitled to damages and other monetary relief and, if so, in what amount.

### 3.      Typicality: Federal Rule of Civil Procedure 23(a)(3).

92.      Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through Volkswagen's wrongful conduct as described above.

### 4.      Adequacy: Federal Rule of Civil Procedure 23(a)(4).

93.      Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other members of the Class they seek to represent; Plaintiffs have retained counsel competent and experienced in complex class action

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

litigation; and Plaintiffs intend to prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiffs and their counsel.

### 5. Declaratory and Injunctive Relief: Federal Rule of Civil Procedure 23(b)(2).

94. Volkswagen has acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

### 6. Superiority: Federal Rule of Civil Procedure 23(b)(3).

95. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Volkswagen, so it would be impracticable for members of the Class to individually seek redress for Volkswagen's wrongful conduct.

96. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

# IX.  CAUSES OF ACTION

## A.  Claims Asserted on Behalf of the Class

### COUNT I
### Fraud by Concealment
### (Common Law)

97.  Plaintiffs reallege and incorporate by reference all paragraphs as though fully set forth herein.

98.  Plaintiffs bring this claim on behalf of the Class.

99.  Volkswagen intentionally concealed and suppressed material facts concerning the quality and character of the Defeat Device Vehicles. As alleged in this Complaint, Volkswagen engaged in deception to evade federal and state vehicle emissions standards by installing software designed to conceal its vehicles' emissions of the pollutants, which contributes to the creation of ozone and smog.

100.  The software installed on the vehicles at issue was designed nefariously to kick-in during emissions certification testing, such that the vehicles would show far lower emissions than when actually operating on the road. The result was what Defendant's intended: vehicles passed emissions certifications by way of deliberately induced false readings. Reportedly, Volkswagen's deliberate, secret deception resulted in noxious emissions from these vehicles at 40 times applicable standards.

101.  Plaintiffs and Class members reasonably relied upon Volkswagen's false representations. They had no way of knowing that Volkswagen's representations were

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

false and gravely misleading. As alleged herein, Volkswagen employed extremely sophisticated methods of deception. Plaintiffs and Class members did not, and could not, unravel Volkswagen's deception on their own.

102. Volkswagen concealed and suppressed material facts concerning what is evidently the true culture of Volkswagen—one characterized by an emphasis on profits and sales above compliance with federal and state clean air law, and emissions regulations that are meant to protect the public and consumers. It also emphasized profits and sales above the trust that Plaintiffs and Class members placed in its representations.

103. As one representative customer, Kathy Muscato of Rochester, New York, explained in a tweet the day the EPA announced the Notice of Violation, she felt "betrayed" by Volkswagen:



104. Necessarily, Volkswagen also took steps to ensure that its employees did not reveal the details of its deception to regulators or consumers, including Plaintiffs and Class members. Volkswagen did so in order to boost the reputations of its vehicles and to

falsely assure purchasers and lessors of its vehicles, including certified previously owned vehicles, that Volkswagen is a reputable manufacturer that complies with applicable law, including federal and state clean air law and emissions regulations, and that its vehicles likewise comply with applicable laws and regulations.

105.    Volkswagen's false representations were material to consumers, both because they concerned the quality of the Defeat Device Vehicles, including their compliance with applicable federal and state laws and regulations regarding clean air and emissions, and also because the representations played a significant role in the value of the vehicles. As Volkswagen well knew, its customers, including Plaintiffs and Class members, highly valued that the vehicles they were purchasing or leasing were clean diesel cars, and they paid accordingly.

106.    Volkswagen had a duty to disclose the emissions deception it engaged in with respect to the vehicles at issue because knowledge of the deception and its details were known and/or accessible only to Volkswagen, because Volkswagen had exclusive knowledge as to implementation and maintenance of its deception, and because Volkswagen knew the facts were unknown to or reasonably discoverable by Plaintiffs or Class members.

107.    Volkswagen also had a duty to disclose because it made general affirmative representations about the qualities of its vehicles with respect to emissions standards, starting with references to them as clean diesel cars, or cars with clean diesel engines,

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

which were misleading, deceptive, and incomplete without the disclosure of the additional facts set forth above regarding its emissions deception, the actual emissions of its vehicles, its actual philosophy with respect to compliance with federal and state clean air law and emissions regulations, and its actual practices with respect to the vehicles at issue.

108.   Having volunteered to provide information to Plaintiffs and the Class, Volkswagen had the duty to disclose the entire truth. These omitted and concealed facts were material because they directly affect the value of the Defeat Device Vehicles purchased or leased by Plaintiffs and Class members. Whether a manufacturer's products comply with federal and state clean air law and emissions regulations, and whether that manufacturer tells the truth with respect to such compliance or non-compliance, are material concerns to a consumer, including with respect to the emissions certifications testing their vehicles must pass. Volkswagen represented to Plaintiffs and Class members that they were purchasing clean diesel vehicles, and certification testing appeared to confirm this—except that, secretly, Volkswagen had thoroughly subverted the testing process.

109.   Volkswagen actively concealed and/or suppressed these material facts, in whole or in part, to pad and protect its profits and to avoid the perception that its vehicles did not or could not comply with federal and state laws governing clean air and

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

emissions, which perception would hurt the brand's image and cost Volkswagen money, and it did so at the expense of Plaintiffs and Class members.

110. On information and belief, Volkswagen has still not made full and adequate disclosures, and continues to defraud Plaintiffs and Class members by concealing material information regarding the emissions qualities of its referenced vehicles and its emissions deception.

111. Plaintiffs and Class members were unaware of the omitted material facts referenced herein, and they would not have acted as they did if they had known of the concealed and/or suppressed facts, in that they would not have purchased purportedly "clean" diesel cars manufactured by Volkswagen, and/or would not have continued to drive their heavily polluting vehicles, or would have taken other affirmative steps in light of the information concealed from them. Plaintiffs' and Class members' actions were justified. Volkswagen was in exclusive control of the material facts, and such facts were not known to the public, Plaintiffs, or Class members.

112. Because of the concealment and/or suppression of the facts, Plaintiffs and Class members have sustained damages because they own vehicles that are diminished in value as a result of Volkswagen's concealment of the true quality and quantity of those vehicles' emissions and Volkswagen's failure to timely disclose the actual emissions qualities and quantities of hundreds of thousands of Volkswagen- and Audi-branded vehicles and the serious issues engendered by Volkswagen's corporate policies. Had

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

Plaintiffs and Class members been aware of Volkswagen's emissions deceptions with regard to the vehicles at issue, and the company's callous disregard for compliance with applicable federal and state law and regulations, Plaintiffs and Class members who purchased or leased new or certified previously owned vehicles would have paid less for their vehicles or would not have purchased or leased them at all.

113. The value of Plaintiffs' and Class members' vehicles has diminished as a result of Volkswagen's fraudulent concealment of its emissions deception, which has greatly tarnished the Volkswagen and Audi brand names attached to Plaintiffs' and Class members' vehicles and made any reasonable consumer reluctant to purchase any of the Defeat Device Vehicles, let alone pay what otherwise would have been fair market value for the vehicles.

114. Accordingly, Volkswagen is liable to Plaintiffs and Class members for damages in an amount to be proven at trial.

115. Volkswagen's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and Class members' rights and the representations that Volkswagen made to them, in order to enrich Volkswagen. Volkswagen's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

CLASS ACTION COMPLAINT

32

116.   Plaintiffs plead this count pursuant to the law of Virginia, where Volkswagen has its American headquarters, on behalf of all members of the Class. As necessary, and in the alternative, Plaintiffs may allege sub-classes, based on the residences at pertinent times of members of the Class, to allege fraudulent concealment under the laws of states other than Virginia.

## COUNT II
### Breach of Contract

117.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

118.   Plaintiffs bring this Count on behalf of the Class.

119.   Volkswagen's misrepresentations and omissions alleged herein, including Volkswagen's failure to disclose the existence of the "defeat device" and/or defective design as alleged herein, caused Plaintiffs and the other Class members to make their purchases or leases of their Defeat Device Vehicles. Absent those misrepresentations and omissions, Plaintiffs and the other Class members would not have purchased or leased these Defeat Device Vehicles, would not have purchased or leased these Defeat Device Vehicles at the prices they paid, and/or would have purchased or leased less expensive alternative vehicles that did not contain the CleanDiesel engine system and the "defeat device." Accordingly, Plaintiffs and the other Class members overpaid for their Defeat Device Vehicles and did not receive the benefit of their bargain.

CLASS ACTION
COMPLAINT                                33

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

120.    Each and every sale or lease of a Defeat Device Vehicle constitutes a contract between Volkswagen and the purchaser or lessee. Volkswagen breached these contracts by selling or leasing Plaintiffs and the other Class members defective Defeat Device Vehicles and by misrepresenting or failing to disclose the existence of the "defeat device" and/or defective design, including information known to Volkswagen rendering each Defeat Device Vehicle less safe and emissions compliant, and thus less valuable, than vehicles not equipped with CleanDiesel engine systems and "defeat devices."

121.    As a direct and proximate result of Volkswagen's breach of contract, Plaintiffs and the Class have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law.

### COUNT III
### Violation of California Unfair Competition Law
### (Cal. Bus. & Prof. Cod §§ 17200, *et seq.*)

122.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

123.    Plaintiffs bring this Count on behalf of the Class.

124.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

CLASS ACTION
COMPLAINT                                34

125. Volkswagen's conduct, as described herein, was and is in violation of the UCL. Volkswagen's conduct violates the UCL in at least the following ways:

(a) By knowingly and intentionally concealing from Plaintiffs and the other Class members that the Defeat Device Vehicles suffer from a design defect while obtaining money from Plaintiffs and the Class;

(b) By marketing Defeat Device Vehicles as possessing functional and defect-free, EPA compliant CleanDiesel engine systems;

(c) By purposefully installing an illegal "defeat device" in the Defeat Device Vehicles to fraudulently obtain EPA and CARB certification and cause Defeat Device Vehicles to pass emissions tests when in truth and fact they did not pass such tests;

(d) By violating federal laws, including the Clean Air Act; and

(e) By violating other California laws, including California laws governing vehicle emissions and emission testing requirements.

126. Volkswagen's misrepresentations and omissions alleged herein caused Plaintiffs and the other Class members to make their purchases or leases of their Defeat Device Vehicles. Absent those misrepresentations and omissions, Plaintiffs and the other Class members would not have purchased or leased these Defeat Device Vehicles at the prices they paid, and/or would have purchased or leased less expensive alternative

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

vehicles that did not contain CleanDiesel engine systems that failed to comply with EPA and California emissions standards.

127.    Accordingly, Plaintiffs and the other Class members have suffered injury in fact including lost money or property as a result of Volkswagen's misrepresentations and omissions.

128.    Plaintiffs seek to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Volkswagen under Cal. Bus. & Prof. Code § 17200.

129.    Plaintiffs request that this Court enter such orders or judgments as may be necessary to enjoin Volkswagen from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiffs and members of the Class any money it acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ. Code § 3345; and for such other relief set forth below.

## COUNT IV
## Breach of Express Warranty

130.    Plaintiffs incorporate by reference every prior and subsequent allegation of this Complaint as if fully restated here.

131.    Plaintiffs bring a cause of action against Defendant for breach of express warranty on behalf of themselves and the Class.

132.   Defendant made numerous representations, descriptions, and promises to Plaintiffs and Class members regarding the performance and emission controls of its diesel vehicles.

133.   Defendant, however, knew or should have known that its representations, descriptions, and promises were false. Defendant was aware that it had installed defeat devices in the vehicles it sold to Plaintiffs and Class members.

134.   Plaintiffs and Class members reasonably relied on Volkswagen's representations in purchasing "clean" diesel vehicles. Those vehicles, however, did not perform as was warranted. Unbeknownst to Plaintiffs, those vehicles included devices that caused their emission reduction systems to perform at levels worse than advertised. Those devices are defects. Accordingly, Volkswagen breached its express warranty by providing a product containing defects that were never disclosed to the Plaintiffs and Class members.

130.   As a direct and proximate result of Volkswagen's false and misleading representations and warranties, Plaintiffs and Class members suffered significant damages and seek the relief described below.

## COUNT V
## Breach of Implied Warranty

131.   Plaintiffs incorporate by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

132.   Plaintiffs bring this cause of action against Volkswagen for breach of implied warranty on behalf of themselves and the Class.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

133.   Volkswagen made numerous representations, descriptions, and promises to Plaintiffs and Class members regarding the functionality of Volkswagen's "clean" diesel technology.

134.   Plaintiffs and Class members reasonably relied on Volkswagen's representations in purchasing the Defeat Device vehicles.

135.   As set forth throughout this Complaint, Volkswagen knew that its representations, descriptions and promises regarding its diesel engines were false.

136.   When Plaintiffs and Class members purchased Volkswagen's diesel vehicles, they did not conform to the promises or affirmations of fact made in Volkswagen's promotional materials, including that the vehicles were designed to meet the most demanding environmental standards. Instead, as alleged above, those vehicles were designed to cheat those standards, and the vehicles emitted far higher levels of pollution than promised.

137.   Accordingly, the Defeat Device Vehicles failed to conform to Volkswagen's implied warranty regarding their functionality.

138.   As a direct and proximate result of Volkswagen's false and misleading representations and warranties, Plaintiffs and Class members suffered significant injury when Volkswagen sold them cars that, it is now clear, are worth far less than the price Plaintiffs and Class members paid for them. Accordingly, Plaintiffs and the Class seek the relief described below.

## COUNT VI
### Magnuson - Moss Act (15 U.S.C. §§ 2301, *et seq.*)—Implied Warranty

139.   Plaintiffs incorporate by reference each and every prior and subsequent

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

allegation of this Complaint as if fully restated here.

140.   Plaintiffs assert this cause of action on behalf of themselves and the other members of the Class.

141.   This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 28 U.S.C. § 2301(3).

142.   Volkswagen's Defeat Device Vehicles are a "consumer product," as that term is defined in 15 U.S.C. § 2301(1).

143.   Plaintiffs and Class members are "consumers," as that term is defined in 15 U.S.C. § 2301(3).

144.   Volkswagen is a "warrantor" and "supplier" as those terms are defined in 15 U.S.C. § 2301(4) and (5).

145.   15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with an implied warranty.

146.   Volkswagen provided Plaintiffs and Class members with "implied warranties," as that term is defined in 15 U.S.C. § 2301(7).

147.   Volkswagen has breached these implied warranties as described in more detail above. Without limitation, Volkswagen's Defeat Device vehicles are defective, as described above, which resulted in the problems and failures also described above.

148.   By Volkswagen's conduct as described herein, including Volkswagen's knowledge of the defects inherent in the vehicles and its action, and inaction, in the face

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

CLASS ACTION
COMPLAINT

39

of the knowledge, Volkswagen has failed to comply with its obligations under its written and implied promises, warranties, and representations.

149.   In its capacity as a warrantor, and by the conduct described herein, any attempts by Volkswagen to limit the implied warranties in a manner that would exclude coverage of the defective software and systems is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective the software and supporting systems is null and void.

150.   All jurisdictional prerequisites have been satisfied.

151.   Plaintiffs and members of the Class are in privity with Volkswagen in that they purchased the software from Volkswagen or its agents.

152.   As a result of Volkswagen's breach of implied warranties, Plaintiffs and the Nationwide Class members are entitled to revoke their acceptance of the vehicles, obtain damages and equitable relief, and obtain costs pursuant to 15 U.S.C. §2310.

## COUNT VII
## Unjust Enrichment

153.   Plaintiffs incorporate by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

154.   Plaintiffs bring this count on behalf of themselves and, where applicable, the Class.

155.   Plaintiffs and members of the Class conferred a benefit on Defendant by, *inter alia*, using (and paying for) its vehicles.

CLASS ACTION
COMPLAINT

40

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

156.   Defendant has retained this benefit, and know of and appreciate this benefit.

157.   Defendant was and continues to be unjustly enriched at the expense of Plaintiffs and Class members.

158.   Defendant should be required to disgorge this unjust enrichment.

**B.   State-Specific Claims**

**COUNT VIII**
**Violation of California Consumers Legal Remedies Act**
**(Cal. Civ. Code §§ 1750, *et seq.*)**

135.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

136.   Plaintiffs bring this Count on behalf of California members of the Class.

137.   California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

138.   The Defeat Device Vehicles are "goods" as defined in Cal. Civ. Code § 1761(a).

139.   Plaintiffs and the other California members of the Class are "consumers" as defined in Cal. Civ. Code § 1761(d), and Plaintiffs, the other California members of the Class, and Volkswagen are "persons" as defined in Cal. Civ. Code § 1761(c).

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

140.    As alleged above, Volkswagen made numerous representations concerning the benefits, efficiency, performance and safety features of CleanDiesel engine systems that were misleading.

141.    In purchasing or leasing the Defeat Device Vehicles, Plaintiffs and the other Class members were deceived by Volkswagen's failure to disclose that the Defeat Device Vehicles were equipped with defective CleanDiesel engine systems that failed EPA and California emissions standards.

142.    Volkswagen's conduct, as described hereinabove, was and is in violation of the CLRA. Volkswagen's conduct violates at least the following enumerated CLRA provisions:

(a)    Cal. Civ. Code § 1770(a)(5): Representing that goods have characteristics, uses, and benefits which they do not have;

(b)    Cal. Civ. Code § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade, if they are of another;

(c)    Cal. Civ. Code § 1770(a)(9): Advertising goods with intent not to sell them as advertised; and

(d)    Cal. Civ. Code § 1770(a)(16): Representing that goods have been supplied in accordance with a previous representation when they have not.

143.    Plaintiffs and the other California members of the Class have suffered injury in fact and actual damages resulting from Volkswagen's material omissions and

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

misrepresentations because they paid an inflated purchase or lease price for the Defeat Device Vehicles and because they stand to pay additional fuel costs if and when their Defeat Device Vehicles are made to comply with emissions standards.

144.   Volkswagen knew, should have known, or was reckless in not knowing of the defective design and/or manufacture of the CleanDiesel engine systems, and that the Defeat Device Vehicles were not suitable for their intended use.

145.   The facts concealed and omitted by Volkswagen to Plaintiffs and the other California members of the Class are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase or lease the Defeat Device Vehicles or pay a lower price. Had Plaintiffs and the other California members of the Class known about the defective nature of the Defeat Device Vehicles, they would not have purchased or leased the Defeat Device Vehicles or would not have paid the prices they paid.

146.   Plaintiffs has provided Volkswagen with notice of its violations of the CLRA pursuant to Cal. Civ. Code § 1782(a). The notice was transmitted to Volkswagen on September 18, 2015.

147.   Plaintiffs' and the other California members of the Class' injuries were proximately caused by Volkswagen's fraudulent and deceptive business practices.

148.   Therefore, Plaintiffs and the other California members of the Class are entitled to equitable and monetary relief under the CLRA.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

# COUNT IX
## Violation of California False Advertising Law
## (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

149. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

150. Plaintiffs bring this Count on behalf of the California members of the Class.

151. California Bus. & Prof. Code § 17500 states:

It is unlawful for any...corporation...with intent directly or indirectly to dispose of real or personal property...to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, ... or in any other manner or means whatever, including over the Internet, any statement ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

152. Volkswagen caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Volkswagen, to be untrue and misleading to consumers, including Plaintiffs and the other Class members.

153. Volkswagen has violated § 17500 because the misrepresentations and omissions regarding the safety, reliability, and functionality of Defeat Device Vehicles as set forth in this Complaint were material and likely to deceive a reasonable consumer.

154. Plaintiffs and the other Class members have suffered an injury in fact, including the loss of money or property, as a result of Volkswagen's unfair, unlawful,

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

and/or deceptive practices. In purchasing or leasing their Defeat Device Vehicles, Plaintiffs and the other Class members relied on the misrepresentations and/or omissions of Volkswagen with respect to the safety, performance and reliability of the Defeat Device Vehicles. Volkswagen's representations turned out not to be true because the Defeat Device Vehicles are distributed with faulty and defective CleanDiesel engine systems, rendering certain safety and emissions functions inoperative. Had Plaintiffs and the other Class members known this, they would not have purchased or leased their Defeat Device Vehicles and/or paid as much for them. Accordingly, Plaintiffs and the other Class members overpaid for their Defeat Device Vehicles and did not receive the benefit of their bargain.

155.   All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Volkswagen's business. Volkswagen's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the State of California and nationwide.

156.   Plaintiffs, individually and on behalf of the other Class members, request that this Court enter such orders or judgments as may be necessary to enjoin Volkswagen from continuing their unfair, unlawful, and/or deceptive practices and to restore to Plaintiffs and the other Class members any money Volkswagen acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

CLASS ACTION
COMPLAINT

45

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

## COUNT X
### Breach of Implied Warranty of Merchantability
### (Cal. Com. Code § 2314)

157.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

158.   Plaintiffs bring this Count on behalf of the California members of the Class.

159.   Volkswagen is and was at all relevant times a merchant with respect to motor vehicles under Cal. Com. Code § 2104.

160.   A warranty that the Defeat Device Vehicles were in merchantable condition was implied by law in the instant transaction, pursuant to Cal. Com. Code § 2314.

161.   These Defeat Device Vehicles, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which cars are used.

Specifically, the Defeat Device Vehicles are inherently defective in that they do not comply with federal and state emissions standards, rendering certain safety and emissions functions inoperative; and the CleanDiesel engine system was not adequately designed, manufactured, and tested.

162.   Volkswagen was provided notice of these issues by the investigations of the EPA and individual state regulators.

163.   Plaintiffs and the other Class members have had sufficient direct dealings with either Volkswagen or their agents (dealerships) to establish privity of contract

CLASS ACTION
COMPLAINT                                    46

between Plaintiffs and the other Class members. Notwithstanding this, privity is not required in this case because Plaintiffs and the other Class members are intended third-party beneficiaries of contracts between Volkswagen and its dealers; specifically, they are the intended beneficiaries of Volkswagen's implied warranties. The dealers were not intended to be the ultimate consumers of the Defeat Device Vehicles and have no rights under the warranty agreements provided with the Defeat Device Vehicles; the warranty agreements were designed for and intended to benefit the ultimate consumers only. Finally, privity is also not required because Plaintiffs' and the other Class members' Defeat Device Vehicles are dangerous instrumentalities due to the aforementioned defects and nonconformities.

164.   As a direct and proximate result of Volkswagen's breach of the warranties of merchantability, Plaintiffs and the other Class members have been damaged in an amount to be proven at trial.

## COUNT XI
## Fraud by Concealment
## (California Law)

165.   Plaintiffs reallege and incorporate by reference all paragraphs as though fully set forth herein.

166.   This claim is brought on behalf of California members of the Class.

167.   Volkswagen intentionally concealed and suppressed material facts concerning the quality of the Defeat Device Vehicles. As alleged in this complaint,

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

notwithstanding references in the very model names of the subject vehicles as "Clean Diesel," or to their engines as "TDI Clean Diesel" engines, Volkswagen engaged in a secret deception to evade federal and state vehicle emissions standards by installing software designed to conceal its vehicles' emissions of the pollutant nitrogen oxide, which contributes to the creation of ozone and smog. The software installed on the vehicles at issue was designed nefariously to kick-in during emissions certification testing, such that the vehicles would show far lower emissions than when actually operating on the road. The result was what Volkswagen intended: vehicles passed emissions certifications by way of deliberately induced false readings. Reportedly, Volkswagen's deliberate, secret deception resulted in noxious emissions from these vehicles at 40 times applicable standards.

168.   Plaintiffs and California members of the Class reasonably relied upon Volkswagen's false representations. They had no way of knowing that Volkswagen's representations were false and gravely misleading. As alleged herein, Volkswagen employed extremely sophisticated methods of deception. Plaintiffs and California members of the Class did not, and could not, unravel Volkswagen's deception on their own.

169.   Volkswagen concealed and suppressed material facts concerning what is evidently the true culture of Volkswagen—one characterized by an emphasis on profits and sales above compliance with federal and state clean air law, and emissions

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

CLASS ACTION
COMPLAINT

48

regulations that are meant to protect the public and consumers. It also emphasized profits and sales about the trust that Plaintiffs and California members of the Class placed in its representations. As one customer, Priya Shah, put it in a quotation cited by the *Los Angeles Times* in a September 15, 2015 article, "It's just a blatant disregard and intentional manipulation of the system. That's just a whole other level of not only lying to the government, but also lying to your consumer. People buy diesel cars from Volkswagen because they feel they are clean diesel cars." As Ms. Shah put it, "I don't want to be spewing noxious gases into the environment."

170.   Necessarily, Volkswagen also took steps to ensure that its employees did not reveal the details of its deception to regulators or consumers, including Plaintiffs and California members of the Class. Volkswagen did so in order to boost the reputations of its vehicles and to falsely assure purchasers and lessors of its vehicles, including certified previously owned vehicles, that Volkswagen is a reputable manufacturer that complies with applicable law, including federal and state clean air law and emissions regulations, and that its vehicles likewise comply with applicable law and regulations. Volkswagen's false representations were material to consumers, both because they concerned the quality of the Defeat Device Vehicles, including their compliance with applicable federal and state law and regulations regarding clean air and emissions, and also because the representations played a significant role in the value of the vehicles. As Volkswagen well knew, its customers, including Plaintiffs and California members of the Class, highly

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

CLASS ACTION
COMPLAINT

49

valued that the vehicles they were purchasing or leasing were clean diesel cars, and they paid accordingly.

171.   Volkswagen had a duty to disclose the emissions deception it engaged in with respect to the Defeat Device Vehicles because knowledge of the deception and its details were known and/or accessible only to Volkswagen, because Volkswagen had exclusive knowledge as to implementation and maintenance of its deception, and because Volkswagen knew the facts were not known to or reasonably discoverable by Plaintiffs or California members of the Class. Volkswagen also had a duty to disclose because it made general affirmative representations about the qualities of its vehicles with respect to emissions standards, starting with references to them as clean diesel cars, or cars with clean diesel engines, which were misleading, deceptive, and incomplete without the disclosure of the additional facts set forth above regarding its emissions deception, the actual emissions of its vehicles, its actual philosophy with respect to compliance with federal and state clean air law and emissions regulations, and its actual practices with respect to the vehicles at issue. Having volunteered to provide information to Plaintiffs, Volkswagen had the duty to disclose not just the partial truth, but the entire truth. These omitted and concealed facts were material because they directly impact the value of the Defeat Device Vehicles purchased or leased by Plaintiffs and California members of the Class. Whether a manufacturer's products comply with federal and state clean air law and emissions regulations, and whether that manufacturer tells the truth with respect to such

compliance or non-compliance, are material concerns to a consumer, including with respect to the emissions certifications testing their vehicles must pass. Volkswagen represented to Plaintiffs and California members of the Class that they were purchasing clean diesel vehicles, and certification testing appeared to confirm this—except that, secretly, Volkswagen had subverted the testing process thoroughly.

172.  Volkswagen actively concealed and/or suppressed these material facts, in whole or in part, to pad and protect its profits and to avoid the perception that its vehicles did not or could not comply with federal and state laws governing clean air and emissions, which perception would hurt the brand's image and cost Volkswagen money, and it did so at the expense of Plaintiffs and California members of the Class.

173.  On information and belief, Volkswagen has still not made full and adequate disclosures, and continues to defraud Plaintiffs and California members of the Class by concealing material information regarding the emissions qualities of its referenced vehicles and its emissions deception.

174.  Plaintiffs and California members of the Class were unaware of the omitted material facts referenced herein, and they would not have acted as they did if they had known of the concealed and/or suppressed facts, in that they would not have purchased purportedly "clean" diesel cars manufactured by Volkswagen, and/or would not have continued to drive their heavily polluting vehicles, or would have taken other affirmative steps in light of the information concealed from them. Plaintiffs' and California members

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

of the Class' actions were justified. Volkswagen was in exclusive control of the material facts, and such facts were not known to the public, Plaintiffs, or California members of the Class.

175. Because of the concealment and/or suppression of the facts, Plaintiffs and California members of the Class have sustained damage because they own vehicles that are diminished in value as a result of Volkswagen's concealment of the true quality and quantity of those vehicles' emissions and Volkswagen's failure to timely disclose the actual emissions qualities and quantities of millions of Volkswagen- and Audi-branded vehicles and the serious issues engendered by Volkswagen's corporate policies. Had Plaintiffs and California members of the Class been aware of Volkswagen's emissions deception with regard to the vehicles at issue, and the company's callous disregard for compliance with applicable federal and state law and regulations, Plaintiffs and California members of the Class who purchased or leased new or certified previously owned vehicles would have paid less for their vehicles or would not have purchased or leased them at all.

176. The value of Plaintiffs' and California members of the Class' vehicles has diminished as a result of Volkswagen's fraudulent concealment of its emissions deception, which has greatly tarnished the Volkswagen and Audi brand names attached to Plaintiffs' and California members of the Class' vehicles and made any reasonable

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

CLASS ACTION
COMPLAINT

52

consumer reluctant to purchase any of the Defeat Device Vehicles, let alone pay what otherwise would have been fair market value for the vehicles.

177. Accordingly, Volkswagen is liable to Plaintiffs and California members of the Class for damages in an amount to be proven at trial.

178. Volkswagen's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs and California members of the Class' rights and the representations that Volkswagen made to them, in order to enrich Volkswagen. Volkswagen's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

179. Plaintiffs pleads this count pursuant to the law of California on behalf of all members of the California members of the Class.

### COUNT XII
### Violation of Song-Berry Consumer Warranty Act for
### Breach of Implied Warranty of Merchantability
### (Cal. Civ. Code §§ 1791.1 & 1792)

180. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

181. Plaintiffs bring this Count on behalf of the California members of the Class.

182. Plaintiffs and the other Class members who purchased or leased the Defeat Device Vehicles in California are "buyers" within the meaning of Cal. Civ. Code § 1791(b).

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

183.   The Defeat Device Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

184.   Volkswagen is a "manufacturer" of the Defeat Device Vehicles within the meaning of Cal. Civ. Code § 1791(j).

185.   Volkswagen impliedly warranted to Plaintiffs and the other Class members that its Defeat Device Vehicles were "merchantable" within the meaning of Cal. Civ. Code §§ 1791.1(a) & 1792, however, the Defeat Device Vehicles do not have the quality that a buyer would reasonably expect.

186.   Cal. Civ. Code § 1791.1(a) states: "Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

   (a)   Pass without objection in the trade under the contract description.

   (b)   Are fit for the ordinary purposes for which such goods are used.

   (c)   Are adequately contained, packaged, and labeled.

   (d)   Conform to the promises or affirmations of fact made on the container or label.

187.   The Defeat Device Vehicles would not pass without objection in the automotive trade because they do not pass EPA and state law emissions regulations.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

188. Because the "defeat device" falsely causes Defeat Device Vehicles to obtain EPA certification and pass emissions tests when in fact they omit 40 times the permitted level of NOx, they are not safe to drive and thus not fit for ordinary purposes.

189. The Defeat Device Vehicles are not adequately labeled because the labeling fails to disclose the "defeat device" that causes emissions systems of the Defeat Device Vehicles to become inoperative during normal use.

190. Volkswagen breached the implied warranty of merchantability by manufacturing and selling Defeat Device Vehicles containing the "defeat device." Furthermore, Volkswagen's fraudulent use of the "defeat device" has caused Plaintiffs and the other Class members to not receive the benefit of their bargain and has caused Defeat Device Vehicles to depreciate in value.

191. As a direct and proximate result of Volkswagen's breach of the implied warranty of merchantability, Plaintiffs and the other Class members received goods whose dangerous and dysfunctional condition substantially impairs their value to Plaintiffs and the other Class members. Plaintiffs and the other Class members have been damaged as a result of the diminished value of Volkswagen's products, the products' malfunctioning, and the nonuse of their Defeat Device Vehicles.

192. Pursuant to Cal. Civ. Code §§ 1791.1(d) & 1794, Plaintiffs and the other Class members are entitled to damages and other legal and equitable relief including, at

CLASS ACTION
COMPLAINT

55

their election, the purchase price of their Defeat Device Vehicles, or the overpayment or diminution in value of their Defeat Device Vehicles.

193.   Pursuant to Cal. Civ. Code § 1794, Plaintiffs and the other Class members are entitled to costs and attorneys' fees.

## COUNT XIII
## Violation of the Washington Consumer Protection Act ("CPA")
### (RCW § § 719.86, *et seq.*)

194.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

195.   Plaintiffs assert this Count on behalf of the Washington State members of the Class.

196.   This claim arises under the Washington Consumer Protection Act, RCW §§ 19.86, *et seq.* ("CPA").

197.   At all relevant times, Defendant engaged in "trade" and/or "commerce" within the meaning of RCW § 19.86.010.

198.   The CPA broadly prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or business. RCW § 19.86.0120.

199.   Defendant made uniform representations that its diesel vehicles were of a particular standard, quality, or grade when they were and are not, and that they would perform as represented when they did not, and, as set forth above, made false and/or misleading statements regarding the capacity and characteristics of Defeat Device

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA CA 93101

vehicles that, as set forth above, were unfair or deceptive, had and continue to have the capacity to deceive the public, cause injury to Washington Plaintiffs and were made in violation of the CPA.

200. In their communications with and disclosures to Washington members of the Class, Defendant intentionally concealed and/or failed to disclose that the Defeat Device Vehicles included a software program designed to cheat emissions testing, and that the true emissions of those vehicles were far higher than claimed. Those omissions were unfair or deceptive, had and continue to have the capacity to deceive the public, cause injury to Washingtonians, and were made in clear violation of the CPA.

201. Defendant had exclusive knowledge that the Defeat Device Vehicles had and have the defects set forth above, facts uknown to Washington members of the Class. Defendant's exclusive knowledge of these material facts gave rise to a duty to disclose such facts, which it failed to perform.

202. The representations made by Defendant and the facts concealed and/or not disclosed by Defendant are material facts that were likely to deceive reasonable consumers, and that a reasonable consumer would have relied on in deciding whether or not to purchase a Defeat Device Vehicle manufactured by Defendant.

203. The representations made by Defendant and the facts concealed and/or not disclosed by Defendant detrimentally affected the public interest. There is an inherent public interest in reducing emissions from vehicles, and properly advertising emission

levels. The Defeat Device Vehicles did not operate as advertised and thus negatively affected the public interest.

204.   Washington members of the Class justifiably acted or relied to their detriment on Defendant's affirmative representations and the concealed and/or non-disclosed facts as evidenced by their purchase and/or use of the defective Defeat Device Vehicles.

205.   Had Defendant disclosed all material information regarding the defeat devices, Washington members of the Class would not have purchased and used the Defeat Device Vehicles.

206.   Defendant knew, or was reckless in not knowing, that its statements about its "CleanDiesel" vehicles were false and/or misleading.

207.   By the conduct described herein, Defendant engaged in unfair methods of competition and/or unfair or deceptive act or practices in the conduct of business, trade, or commerce.

208.   As a direct and proximate result of Defendant's violations of the forgoing law, the Washington members of the Class have been injured.

209.   The Washington members of the Class have been damaged and are entitled to all of the damages, remedies, fees, and costs available under the CPA.

210.   The Washington Plaintiffs will provide or already have provided any required notice to appropriate entities regarding Defendant's unfair and deceptive trade practices.

## COUNT XIV
### Violation of the Connecticut Unfair Trade Practices Act ("CUTPA")
### (Conn. Gen. Stat. § § 42-110A, *et seq.*)

211.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

212.   Plaintiffs assert this Count on behalf of the Connecticut members of the Class.

213.   Plaintiffs and Connecticut members of the Class are "persons" as defined by Conn. Gen. Stat. §§ 42-110a.

214.   Defendant is engaged in trade and commerce as defined by Conn. Gen. Stat. §§ 42-110a because it extensively markets and sells its products within Connecticut.

215.   Defendant's representations, as alleged above, were and are material to a reasonable consumer and are likely to affect consumer behavior and conduct.

216.   Defendant's act and practices offended public policy and violate numerous state and federal laws, including but not limited to the Clean Air Act.

217.   Defendant's intentional deception of consumers and regulators is and was immoral, unethical, oppressive, and unscrupulous.

CLASS ACTION
COMPLAINT

59

218.   Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs, Connecticut consumers, and others because, as alleged above, consumers paid a premium for Defeat Device Vehicles based on representations about their low emissions, fuel efficiency, and performance. That injury is not outweighed by any countervailing public policy that could justify Defendant's deceptive practices.

219.   Because Plaintiffs and consumers reasonably relied on Defendant's misrepresentations about the Defeat Device Vehicles, they could not have reasonably avoided that injury.

220.   Defendant's conduct has not resulted in any benefit to consumers or competition.

221.   Defendant's unfair and deceptive practices direct, foreseeably, and proximately caused Plaintiffs and Connecticut members of the Class an ascertainable loss because those consumers paid a premium for what they thought were high-performance, low-emission vehicles.

222.   Plaintiffs and Connecticut members of the Class are entitled to damages and other relief, as described below.

## X.   REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of members of the Class respectfully request that the Court enter judgment in their favor and against Volkswagen, as follows:

CLASS ACTION
COMPLAINT                                             60

A.      Certification of the proposed Class, including appointment of Plaintiffs' counsel as Class Counsel;

B.      An order temporarily and permanently enjoining Volkswagen from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.      Injunctive relief in the form of a recall or free replacement program;

D.      Costs, restitution, damages, and disgorgement in an amount to be determined at trial;

E.      Revocation of acceptance;

F.      Damages under the Magnuson-Moss Warranty Act;

G.      For treble and/or punitive damages as permitted by applicable laws;

H.      An order requiring Volkswagen to pay both pre- and post-judgment interest on any amounts awarded;

I.      An award of costs and attorneys' fees; and

J.      Such other or further relief as may be appropriate.

## XI.    DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

DATED this 20th day of September, 2015.

KELLER ROHRBACK L.L.P.


By /s/ Matthew J. Preusch
    Matthew J. Preusch (Bar No. 298144)
    1129 State Street, Suite 8
    Santa Barbara, CA 93101
    Tel: (805) 456-1496
    Fax: (805) 456-1497
    mpreusch@kellerrohrback.com

    Lynn Lincoln Sarko*
    Gretchen Freeman Cappio*
    Daniel P. Mensher*
    Ryan McDevitt*
    KELLER ROHRBACK L.L.P.
    1201 Third Avenue, Suite 3200
    Seattle, Washington 98101-3052
    Tel: (206) 623-1900
    Fax: (206) 623-3384
    lsarko@kellerrohrback.com
    gcappio@kellerrohrback.com
    dmensher@kellerrohrback.com
    rmcdevitt@kellerrohrback.com

    *Attorneys for Plaintiffs*
    *\*Pro hac vice forthcoming*

Keller Rohrback L.L.P.
1129 State Street, Suite 8, Santa Barbara CA 93101